IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>RYAN LAULU,<br><br>                Defendant. | Case No. 3:21-cr-00049-JMK-MMS<br><br>**ORDER DENYING<br>MOTION TO RECONSIDER** |

Before the Court at Docket 143 is Defendant Ryan Laulu's *Motion to Reconsider Order at Docket 141* (the "Motion to Reconsider"). The Government filed a response in opposition at Docket 144.[1]

Mr. Laulu requests that this Court reconsider its denial of his Motion to Suppress at Docket 141. "No precise 'rule' governs the district court's inherent power to grant or deny a motion to reconsider a prior ruling in a criminal proceeding."[2] The local rules, however, offer some guidance. Pursuant to D. Alaska Loc. Crim. R. 47.1(g)(1), the Court will "ordinarily deny a motion for reconsideration absent a showing of one of the

---

[1] The Court notes that a response to a motion to reconsideration ordinarily may not be filed unless requested by the Court. *See* D. Alaska Loc. Crim. R. 47.1(g)(3). The Court nonetheless accepts the Government's response as filed.

[2] *United States v. Lopez-Cruz*, 730 F.3d 803, 811 (9th Cir. 2013).

following: [A] a manifest error of the law or fact; [B] discovery of new material facts not previously available; or [C] an intervening change in the law." Notably, the "district court's authority to revisit a ruling on a suppression motion 'is within its sound judicial discretion.'"[3]

Mr. Laulu asserts that this Court committed numerous manifest errors of fact and law. First, he asserts that the Court "ignor[ed] the fact that the backpack could have and should have been placed in a secure, locked place, which was available i.e., the private auto in the private property parking lot, given the authority cited in Defendant's pleadings . . . ."[4] However, the Court expressly acknowledged and disagreed with this objection in its Order denying Mr. Laulu's Motion to Suppress[5] and Magistrate Judge Scoble extensively analyzed this fact in his Final Report and Recommendation.[6] Mr. Laulu further asserts that the Court committed an error of fact "in finding there was 'no secure place available to leave the [backpack].'"[7] In his Final Report and Recommendation, Judge Scoble explained that he credited SA Watson's testimony that the FBI agents were not aware that the parked vehicle belonged to Mr. Laulu and would have taken the backpack regardless pursuant to FBI policy as "part of the property that he was arrested with."[8] A motion to reconsider is not an appropriate vehicle for a party to continue to relitigate issues already properly brought before and decided by the Court.

---

[3] *Id.*
[4] Docket 143 at 2.
[5] *See* Docket 141 at 2 ("Specifically, Mr. Laulu asserts that FBI agents 'were required to give Laulu options,' such as putting the backpack in his vehicle or on the ground.").
[6] *See* Docket 130 at 26–31.
[7] Docket 143 at 5.
[8] Docket 130 at 29.

Second, Mr. Laulu asserts that the Court "is in error, basing its ruling on the fact that 'Mr. Laulu was aware and did not object. . .' [] to the FBI agents taking possession of the backpack during Laulu's arrest."[9] Mr. Laulu states that "there cannot be implied consent from silence"; however, the Court has never suggested that the search of the backpack was proper because consent was given.[10] Mr. Laulu cherry-picks this quote from a list of other factual findings made by Judge Scoble during the evidentiary hearing; a fact which was intended to bolster the Court's finding that Mr. Laulu gave no indication that he wished for the backpack to be stored in the car present at the residence where he was arrested.[11] This fact has no bearing on the Court's ultimate conclusion that the "FBI agents here would have taken the backpack and discovered the firearm at the FBI office pursuant to their inventory policy, even if the FBI agents had not opened the backpack at the time of Laulu's arrest."[12]

Mr. Laulu asserts that the Court committed manifest error by "rejecting the significance of the fact that the vehicle was undisputedly associated with Mr. Laulu, was in a private property parking lot, outside a private dwelling," and asserts that the Court neglected to consider case law Mr. Laulu cites to at Docket 125.[13] In its Order at Docket 141, the Court specifically considered this fact.[14] Indeed, Mr. Laulu goes on to

---

[9] Docket 143 at 2.
[10] *Id.*
[11] *See* Docket 130 at 28.
[12] *Id.* at 30.
[13] Docket 143 at 3–4.
[14] *See* Docket 141 at 5.

*USA v. Laulu* Case No. 3:21-cr-00049-JMK
Order Denying Motion to Reconsider Page 3
Case 3:21-cr-00049-JMK-MMS   Document 154   Filed 09/12/22   Page 3 of 5

quote the Court's consideration of this fact in his Motion to Reconsider.[15] It is the job of the District Court to determine the weight of the facts before it. Further, the cases cited to at Docket 125 are not binding on this Court, irrelevant to the extent that they pertain to inventory searches of *vehicles* or were explicitly considered by the Court.[16] Again, this does not constitute a manifest error of law or fact and is an improper basis for reconsideration.

Lastly, Mr. Laulu asserts that "[t]he Court is in error in holding that Mr. Laulu was incorrect in asserting that the FBI agents 'were required to give Laulu options' such as putting the backpack in his vehicle or on the ground."[17] Mr. Laulu does not cite to any authority for this proposition. Mr. Laulu simply has not demonstrated a manifest error of fact or law, new material facts, or an intervening change in the law.[18] The Court declines to reconsider its ruling.

## CONCLUSION

For the foregoing reasons, the Motion at Docket 143 is **DENIED**.

---

[15] *Id.* at 4 ("The Court is in error in stating that '. . . the magistrate judge specifically considered that there is no authority for Mr. Laulu's assertion that FBI agents had an obligation to leave the backpack in an *unsecured* vehicle at the scene. The Court agrees with the magistrate judge's conclusion that no such obligation exists, regardless of to whom the vehicle belonged.") (emphasis in original).

[16] The Court notes that one case cited by Mr. Laulu—and binding on this Court—significantly cuts against some of the arguments made in his Motion to Reconsider. *See United States v. Knepper*, 256 Fed. Appx. 982, 984–85 (9th Cir. 2007) (finding that it was reasonable for the police to seize a backpack and transport it to the station for safekeeping in accordance with departmental policy where the police did not believe that the Defendant resided in the residence at which he was arrested and "failed to provide alternative instructions").

[17] Docket 143 at 4.

[18] *See* D. Alaska Loc. Crim. R. 47.1(g).

*USA v. Laulu*  Case No. 3:21-cr-00049-JMK
Order Denying Motion to Reconsider  Page 4
Case 3:21-cr-00049-JMK-MMS   Document 154   Filed 09/12/22   Page 4 of 5

IT IS SO ORDERED this 12th day of September, 2022, at Anchorage, Alaska.

          */s/ Joshua M. Kindred*
          JOSHUA M. KINDRED
          United States District Judge

*USA v. Laulu*      Case No. 3:21-cr-00049-JMK
Order Denying Motion to Reconsider      Page 5
Case 3:21-cr-00049-JMK-MMS    Document 154    Filed 09/12/22    Page 5 of 5